IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| E.C., an individual, | : |
|     Plaintiff, | : Case No. 2:22-cv-3811 |
| v. | : Chief Judge Algenon L. Marbley |
| | : Magistrate Judge Elizabeth P. Deavers |
| CHOICE HOTELS INTERNATIONAL, INC., *et al.*, | : |
|     Defendants. | : |

**OPINION & ORDER**

This matter is before this Court on Defendant Choice Hotels International's ("Choice") Motion to Dismiss, Transfer, or Sever Plaintiff's Complaint (ECF No. 30) and Defendant G6 Hospitality's ("G6") Notice of Joinder in Choice's Motion to Dismiss (ECF No. 31). G6's Motion to Join in Choice's Motion (ECF No. 31) is **GRANTED** and Choice's Motion to Dismiss (ECF No. 31) is **GRANTED IN PART.** For the reasons that follow, the case is hereby **TRANSFERRED** to the Central District of California for further proceedings.

**I. BACKGROUND**

This case arises under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a) and the Child Abuse Victim's Rights Act ("CAVRA"), 18 U.S.C. § 2255. Plaintiff E.C. alleges she met her trafficker in 2009 when she was just seventeen years old, and that she was trafficked at Choice, G6, and Red Roof branded properties in California between October 2009 and April 2014. (ECF No. 1 ¶¶ 61-68). Plaintiff now seeks to hold Defendants liable as beneficiaries of their participation in commercial ventures that they knew, or should have known, violated the TVPRA.

Plaintiff commenced this action in October 2022. (ECF No. 1). In July 2023, Defendant Choice filed a Motion to Dismiss, which Defendant G6 joins. (ECF Nos. 30, 31). Plaintiff has responded, and Choice replied. (ECF Nos. 45, 50). The Motions are now ripe for review.

## II. LAW & ANALYSIS

As a threshold matter, Defendants Choice and G6 contend that this Court cannot exercise personal jurisdiction over them because, in Defendants' view, Plaintiff has failed to state a claim under CAVRA, which authorizes a Plaintiff to bring suit in any appropriate United States District Court. *See* § 2255. Because Choice is located in Maryland, G6 is located in Texas, and the properties in question are located in California, Defendants assert that absent a CAVRA claim, this Court has no personal jurisdiction over it and must dismiss the case. (ECF No. 25 at 13). This Court has already held that it has no jurisdiction over Choice or G6 in cases where there is no viable CAVRA claim, and the trafficking took place outside of the Southern District of Ohio. *See In re Hotel TVPRA Litigation*, 2023 WL 3075851, at *12-14. Plaintiff argues that she has indeed stated a claim under CAVRA. (ECF No. 33 at 16-25). To evaluate whether this Court has personal jurisdiction, it must evaluate whether Plaintiff's CAVRA claim survives Defendants' Motions.

### A. Standard of Review

This Court may dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F. 3d 950, 958–59 (6th Cir. 2005). This Court must construe the complaint in the light most favorable to the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F. 3d 430, 434 (6th Cir. 2008). This Court

2

cannot dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*.

### B. Application of CAVRA's Statute of Limitations

Defendants' contention that Plaintiff failed to file her lawsuit within the relevant statute of limitations, therefore barring her CAVRA claims, is persuasive and dispositive. The Child Abuse Victims Rights Act, 18 U.S.C. § 2255(a) ("CAVRA") "requires that a person be a minor when she is the victim of a sex crime." *Doe v. Boland*, 698 F.3d 877, 881 (6th Cir. 2012). E.C. alleges that she was first trafficked at Defendants' properties when she was seventeen, in October 2009. As Choice points out, this means that the latest point at which she was plausibly a minor was October 2010. Choice argues that, since some twelve years elapsed between Plaintiff reaching majority and her filing of this lawsuit, Plaintiff failed to file her claims within CAVRA's statute of limitations.

This Court must first clarify which statute of limitations applies to E.C.'s claims. Congress has revised CAVRA several times, often altering the statute of limitations. *See e.g.,* § 2255 (1998); § 2255 (2006); § 2255 (2013). Choice argues that the appropriate statute of limitations is the one that was in force at the time that E.C. was trafficked as a minor—in 2009 and 2010—and that her cause of action accrued when she was first trafficked in October 2009. (ECF No. 51 at 4). At that time, CAVRA provided that "[a]ny action commenced under this section shall be barred unless the complaint is filed within six years after the right of action first accrues or in the case of a person under a legal disability, not later than three years after the disability." § 2255 (2006). Plaintiff, on the other hand, argues that the appropriate statute of limitations is the one in force when she escaped from her traffickers in 2014: "within 10 years after the right of action first accrues or in

the case of a person under a legal disability, not later than three years after the disability." § 2255 (2013). Only upon her release does she believe her cause of action accrued. (ECF No. 45 at 14). Plaintiff also suggests that perhaps the version of CAVRA in force today should apply, which imposes "no time limit for the filing of a complaint commencing an action under this section." (*Id.* at 15 (quoting § 2255 (2022)).

E.C.'s cause of action accrued—at the latest—in October 2010, when the six-year statute of limitations was in force. Indeed, CAVRA's text contemplates that rights of action may accrue while a person is under legal disability—such as minority—and makes a specific concession of up to three extra years to file past the end of the disability.

Nor can "an increased statute of limitations . . . be used in order to revive an untimely claim 'absent clear congressional intent to the contrary.'" *Doe v. Schneider*, 2013 WL 5429229, at *5 n.8 (E.D. Pa. Sept. 30, 2013). Since "Congress has not unambiguously expressed intent for CAVRA's increased statute of limitations to revive previously time-barred claims," this Court "will apply the six-year statute of limitations in [its] analysis." *Id.*

Even were this Court to equitably toll the statute of limitations between when Plaintiff's cause of action accrued and when she was released in April 2014, the six-year statute of limitations in effect in 2009 and 2010 would still apply. Equitable tolling pauses the appropriate limitations period during the tolling event, *Taylor v. Palmer*, 623 F. App'x 783, 785 (6th Cir. 2015), it does not alter the presumption that statutes of limitations do not apply retroactively. Plaintiff would still have been required to file her lawsuit six years after the tolling event—her captivity—was lifted. Six years after April 2014 is April 2020. Plaintiff did not bring her claims until October 2022. As a result, her CAVRA claims are time-barred. And as already established, absent a viable

4

CAVRA claim, this court lacks personal jurisdiction over Choice and G6. *See In re Hotel TVPRA Litigation*, 2023 WL 3075851, at *12-14.

### C. Severing Choice and G6 from Red Roof Defendants

This Court retains, however, personal jurisdiction over the Red Roof Defendants that this Court has concluded are "at home" for purposes of general personal jurisdiction in the Southern District of Ohio. *Id.* at *10. As a result, this Court considers whether it should sever Choice and G6 from Red Roof.

Federal Rule of Civil Procedure 21 states that a court "may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." A court considers "principles of fundamental fairness and judicial efficiency" in exercising its discretion to sever under Rule 21. 4 Moore's Federal Practice § 21.02(4). Factors going into this deliberation may include: (1) "Whether the claims arise out of the same transaction or occurrence"; (2) "whether the claims present some common questions of law or fact"; (3) "whether settlement of the claims or judicial economy would be facilitated"; (4) "whether prejudice would be avoided if severance were granted"; and (5) "whether different witnesses and documentary proof are required for separate claims." *Reynolds v. Merck Sharp & Dohme Corp.*, No. 3:15-CV-397, 2016 WL 3090951, at *3 (N.D. Ohio June 2, 2016) (internal citation omitted).

As it has before, this Court finds that judicial efficiency does not support severance of Choice and G6 from the case. The claims against Choice, G6, and Red Roof arise out of the same alleged harm to Plaintiff. Severing the claims and transferring them to two distinct jurisdictions would be unlikely to further judicial economy since many of the same witnesses and documentary proof would be offered against each defendant. *Kramer v. Textron Aviation, Inc.*, No. 1:19-CV-

5

215, 2020 WL 4760191, at *5 (E.D. Ky. Jan 28, 2020). Although Plaintiff was trafficked across the properties of several Defendants, Plaintiff's claims against Defendants present common questions of law as to how the beneficiary theory of § 1595(a) should be applied to corporate entities. Further, Defendants have given this Court no indication that failure to sever would prejudice them. Therefore, this Court will not sever Choice and G6.

### D. Transfer to the Central District of California

Instead, this Court exercises its authority to transfer the matters under 28 U.S.C. § 1631.[1] Section 1631 provides that "when the court 'finds that there is a want of jurisdiction,' it 'shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought. . . .'" *Jackson*, 421 F. App'x at 483. The section "applies to federal courts identifying any jurisdictional defect, regardless of whether it involves personal or subject matter jurisdiction." *Roman v. Ashcroft*, 340 F.3d 314, 328 (6th Cir. 2003). A court may also decide "to dismiss an action rather than transferring it under § 1631 either because (1) no permissible federal court would have jurisdiction over the action, or because (2) transfer would not be in the interest of justice." *Roman v. Ashcroft*, 340 F.3d 314, 328 (6th Cir. 2003).

While guidance on what constitutes "in the interest of justice" is limited, the Sixth Circuit has focused on whether the plaintiff's decision to initiate the action in the original district was reasonable. *Sherman v. Biglari*, 2020 WL 6273935, at * 4 (N.D. Ohio Oct. 26, 2020) (citing

---

[1] Defendant also requests transfer pursuant to 28 U.S.C § 1404. But § 1404 pertains to "actions brought in a permissible yet inconvenient forum." *Jackson v. L & F Martin Landscape*, 421 F. App'x 482, 483 (6th Cir. 2009). Because this Court does not have personal jurisdiction over Choice and G6, the Southern District of Ohio is not a permissible forum for claims against them. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979) ("The question of personal jurisdiction, which goes to the court's power to exercise control over parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum.").

*Stanifer*, 564 F.3d at 456). The presumption "should be in favor of transfer as the normal procedure, dismissal is only appropriate in unusual circumstance." *Id.* at 459-60 (quoting 3 Charles Alan Wright et al., Federal Practice and Procedure § 3827 at 605 (3d ed. 1998)). As this Court has concluded before with respect to cases related to this action, the record does not indicate that Plaintiff intentionally abused the judicial process by filing her action here. *See In re Hotel TVPRA Litigation*, 2023 WL 3075851, at *13. Plaintiff presumably thought there was a basis for jurisdiction based on her CAVRA claim. Were her claim not barred by the statute of limitations, she would be correct.

Moreover, it appears that the case could have been brought in a "single alternative forum," *Cumberland Truck Equip. Co. v. Detroit Diesel Corp.*, 401 F. Supp. 2d 415, 425 (E.D. Pa. 2005), because all the hotels in which Plaintiff was trafficked are within the Central District of California. First, with respect to personal jurisdiction, the Central District of California is likely to conclude that it has personal jurisdiction over Choice and G6 for the purposes of Plaintiff's trafficking there. In the Ninth Circuit, a court has specific personal jurisdiction if:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Given that Choice, G6, and Red Roof have branded properties in the Central District of California and Plaintiff's

7

claims arise out of those contacts with the district, the Central District of California likely possesses personal jurisdiction.

Venue is also likely to be proper in the Central District of California. Venue is proper under 28 U.S.C. § 1391(b)(2) in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Because Plaintiff seeks relief for harms incurred from her trafficking that took place in the Central District of California, it is evident that a substantial part of the events giving rise to her claims occurred there.

### III. CONCLUSION

As mentioned at the outset, G6's Motion to Join in Choice's Motion (ECF No. 31) is **GRANTED**. And for the foregoing reasons, Defendant Choice's Motion (ECF No. 30) is **GRANTED IN PART** to the extent that it serves as a Motion to Transfer, and the case is hereby **TRANSFERRED** to the Central District of California.

IT IS SO ORDERED.

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATE:** March 15, 2024